Thank you, Your Honor. May it please the Court, Counsel, Richard Wall on behalf of Mr. Perez. Your Honors, I think to really understand how Section 2703 works, it's helpful to imagine a technology which would allow law enforcement or someone acting on law enforcement's behalf to acquire whatever data is necessary to create a virtual reality copy of the interior of that home, something that doesn't exist in the real world but exists in the virtual world. 2703 essentially allows that to take place without any probable cause, without any judicial oversight. So this happens, this virtual copy is made, and some point later on, 30, 60, 90, 180 days later, law enforcement develops probable cause and applies and obtains a warrant. But when they get the warrant, they don't go back to the house and knock on the door and go in and The copy of Mr. Perez's information in his account is what was searched, not his actual account. So that search is essentially the same search as if they searched the house on the day the copy was made, long before probable cause existed, long before there was a warrant. It's clearly a warrantless search. Is there any evidence in the record that the information in his account was different from the date of the preservation request on November 18 to the time when the search warrant was lawfully executed? There is not, and that's a huge problem for the government's position in this case, because their argument that the lack of that information in the record means that Mr. Perez can't show the causation between an illegal search and the evidence that was produced at trial is actually inevitable discovery turned backwards. What they're saying is, well, if we had searched his actual account, if we'd waited until we got the warrant and then actually searched his account, we would have got the same information. But in fact, there is nothing in the record showing that. Well, it's a problem for you, too, isn't it? Because you haven't shown the causal connection to the discovery of the Facebook records that you're trying to suppress. No, I would disagree with that entirely. Again, they don't search Mr. Perez's account, just like they don't go back to the house and search the actual house. They search the copy. So any evidence they obtain when they search the copy can be acquired only because the copy was made. Without the copy, they have to go search the actual record. Which is what the warrant actually authorizes them to do. The warrant actually authorizes them to search his account records. But they don't search his account records. They search the copy that was made sometime in the past. It's kind of like a time machine. We get a warrant today, but we're going to go back and search something that only existed six months ago. I don't believe the Constitution allows that. I don't think anybody would say the Constitution allows that. And this causation issue is a, like I said, it's the inevitable discovery doctrine turned backwards to place the burden on Mr. Perez. The burden here would be on the government to show, even without the preservation, we would have got the same information. But they can't show that without actually searching his account after they get the warrant. So if they're going to search his account after they get the warrant, they don't need the copy. Because that's what the warrant authorizes them to do. So this is clearly an unlawful, unconstitutional search. It's without probable cause. It's without a warrant. And all of the arguments about Heck and Camp and whether this is a trespass or not a trespass, those are really kind of red herrings. Because, again, they're creating something that doesn't exist at the time the warrant is actually issued. And that's what they're searching. And that's what they're seizing. So they're seizing something they're not authorized to seize under the warrant. It really is as simple as that. If the court has any questions, I'd be very happy to address them. I don't have questions, Judge. I don't. Then I will reserve the rest of my time. Thank you. Thank you. May it please the Court. Ian Garrix for the United States. The government has three main points for your honors today. First, the district court properly found that it wasn't necessary to reach the constitutionality of the preservation request under 2703F. Because as Judge Nguyen alluded to, there was no but for causation. The government received the information by way of a search warrant, not by way of the request, the preservation request. Secondly, the main point is a preservation request under 2703F is not a Fourth Amendment event. There's no need to look at the constitutionality of it because it does not involve the Fourth Amendment. The third, even if it were a Fourth Amendment event under the defense position, there was no seizure because it would have been valid without a warrant as articulated in the briefs by the government. First, with regard to the point which Judge Nguyen alluded to is whether or not there's but for causation. And on a motion to suppress as here, Mr. Perez had the burden of showing that his Fourth Amendment rights were implicated. And as the defense conceded in its reply brief and here today, there's no evidence in the record that the evidence obtained by the search warrant was derived from that preservation request. The burden under COVAC from the Ninth Circuit is the defendant has that burden to show that the Fourth Amendment is implicated where the government intruded on an area where there was a reasonable expectation of privacy. To do that, the defendant must show that the challenged act was a seizure and that the evidence obtained was resulted from that seizure. Fourth Amendment prevents illegally obtained evidence from being used in a criminal proceeding under Calandra, the Supreme Court case in 1974. But here, as articulated before, there was no evidence that was actually obtained from the preservation request. There's nothing in the record that defendant could have shown, could have brought an expert or a witness or Mr. Perez to say, somehow this information is actually from the preservation request and not from the search warrant. And here, what the situation of events was that the interviews of the females occurred on one day, the officer submitted a preservation request the next day, and the very next day, the officer submitted a search warrant. To say that somehow all the contents of the search warrant were from the day between what Mr. Perez could have created between the day the preservation request and the search warrant was obtained by the search warrant is illogical in this particular case. As the District Court properly found, there's no causal connection between the preservation request and the evidence that was obtained by the lawfully obtained search warrant. And the defense has not challenged the legitimacy of the search warrant in this case, by which the government obtained the information in this case that's been challenged. On review, this Court applies a clearly erroneous standard under Lustig. And here, the decision of the District Court, based on the record, is not clearly erroneous that there was no but-for causality, as required by the Ninth Circuit and also by the Supreme Court in Hudson v. Michigan. In addition, as the government previously articulated, this is not a Fourth Amendment event. This is not a case where the government is obtaining evidence. It's not a situation where Facebook or some other Internet service provider is disclosing private contents to the public. 2703F has been, as part of the SCA, and defendants were probably briefed, referred to other portions of the SCA being ruled unconstitutional, not this particular provision. 2703F has never been ruled unconstitutional. In fact, the District Courts, as in Rosenau in the Southern District of California, has held that it is constitutional and it doesn't implicate the Fourth Amendment, mainly because there's no meaningful interference with the possessory interest that the defendant may have had, meaning that there was testimony in the record by the FBI agent on the case that they had an undercover Facebook account, by which, when a preservation was sent to that undercover account, the agents could still manipulate the data in the account. They could try to delete data. They could send messages. They could communicate. They could receive messages showing that any communications, the functionality of that account was not altered or debilitated by the fact that a preservation request has been issued. So the real issue is that there is no meaningful interference with any possessory interest that an account user may have had. Counsel, may I ask you a question, please? I think you said that you mentioned the District Court case that it held that. Is there a Ninth Circuit case squarely on point? No, Your Honor, there is none, and the government's not aware of any other circuit having dealt precisely with this issue of 2703F, 2703, that preservation issue. But the government would submit that there are a number of Supreme Court cases, Ninth Circuit cases when amalgamated show that the defendants, any possessory right that the defendant may have had were not implicated. For example- So you're saying it's a, as far as the precise issue here, it's a question of first impression for the appellate courts? It has been resolved in District Courts, and I would agree it's not, it has not been ruled on squarely by the Courts of Appeal. Okay. Correct, Your Honor. This precise issue. But if the Court looks through other cases, the Court can determine that there was no possessory interest that was interfered with. And what are the Supreme Court or Ninth Circuit cases that best support your position? The government believes, the government already referred to Calandra, the Supreme Court case, as to the but-for causality. The defendant must show that the challenged evidence was actually obtained from the challenged preservation request, and here there is no evidence that the preservation request resulted in the evidence that was received by the search warrant from the officer, which occurred the next day. That's Calandra II. The government cited Arizona v. Hicks, and the defense has also responded to that in the reply brief, and that dealt with an officer entering a residence, freezing the scene, and they identified some stereo equipment that appeared to be stolen. They moved the stereo equipment and saw a serial number, recorded the serial number on that. The Supreme Court held that the court in Arizona v. Hicks held that the recording of that information was not a seizure. It was an intangible. The problem with that particular case for the government was that the fact that the officer actually moved the equipment, which tended to be a seizure. Here, the distinguishing factor is the government never touched this information by way of the preservation request. The government merely submitted a request to Facebook. Facebook maintained that, so there's no government moving or even looking at that information. The third case the government would recommend that the court look at is also California Bankers Association v. Schultz. It's an older case from the 1970s where the Supreme Court held that the Bank Secrecy Act required banks to keep certain records from bank accounts of their users, transactions involving those accounts, and the banks and associations representing account holders challenged that, in part under the Fourth Amendment, as an illegal search or seizure. The Supreme Court said that, no, that's not a search. That's implicated by the Fourth Amendment, and that record-keeping requirements by the government, which the government would submit are similar to a preservation request, do not amount to a Fourth Amendment seizure. In addition, the government cited a number of cases regarding consent, and the government also cited policies in the Facebook, numerous policies stating that in the Facebook user data policies that Facebook could review information, access, preserve, and share information in response to a legal request if they have good faith belief that the law requires them to do so. Facebook may provide information to third-party providers about the reliability to prevent fraud and abuse, and this is also in the government's answering brief and was in the district court record, that data may be accessed, processed, and retained for an extended period of time when it's subject to a legal request or obligation, governmental investigation, or investigations. And the government refers to this because it's basically consent. The user has to consent to these terms before being able to use Facebook. Therefore, it's not reasonable for a user to expect that Facebook would then go and preserve this data, which it did on its own server and never provided to the government until a later search warrant was issued by a magistrate. Finally, although the government submits there is no reason to reach the constitutionality of 2703F, the district court order can be affirmed here. The government would support that in the record there were exigent circumstances, as testified to by the officer in having this information stored because of the circumstances of the case. The district court also referred to inevitable discovery, another search warrant exception. And finally, there's also the good faith exception, and the government would submit that there's, although the defense cites unconstitutionality of the SCA, the government would submit that there's no way any court or officer of the court would have reasonably thought this particular provision unconstitutional. As stated by the government, no court's ever found this unconstitutional, and the SCA was first enacted, I believe, in 1986. Unless the court has further questions, the government would ask that the district court's order be affirmed. No questions here. No questions. Thank you. Your Honors, let me take up again this issue of causation. The government claims that Mr. Perez can't show that the evidence that was obtained resulted from the execution of the preservation request. But it is the information that was preserved and saved as a copy of the account by Facebook. That's where the evidence came from. It didn't come from Mr. Perez's account. It came from the copy. So without the copy, there would be no evidence to present in court based upon what the government did in this case. The government's causation argument assumes that the information that was in Mr. Perez's account at the time the search warrant was issued, authorizing a search of his account, is the same information that was in the account when the preservation request was made. That's an assumption. There is nothing in the record to support that. If we don't know what was in the account when the warrant was issued, then we don't know what would have been obtained without the preservation request. Simple as that. Without the preservation request, there would be no evidence because that's what was searched, not the account. With regard to the length of time between the preservation request and when the search warrant was obtained, I would submit it really doesn't matter because the whole account could have been wiped out in a second. So we don't know. We don't know. And yet the government relies on that lack of knowledge to argue that there was no causation. I submit the district court was finding of lack of causation in this case was clearly erroneous because it was based upon that exact assumption that's not supported by the record. The government also argues that there was no meaningful interest or no meaningful interference with Mr. Perez's possessory interest in the information in his account. CATS is still good law when it comes to the Fourth Amendment, and CATS is very clear, and this was confirmed in the more recent Carpenter case. You don't just look at a person's possessory interest in something. You have to look at the reasonable expectation of privacy. And this Court has already held that a person who has information contained in a password-protected account has a reasonable expectation of privacy in that information. That's U.S. v. Forrester. That's a Ninth Circuit case. I think it's cited in our brief. So there is a reasonable expectation of privacy regardless of how you try to characterize this as a property or possessory interest of some kind. Mr. Perez had a password-protected account. That's not disputed. So he had a reasonable expectation of privacy in the information in that account. And the government only argues from the position of whether or not there's some kind of trespass here. But going back to the analogy of a search of a house using the preservation request method, you could say that using technology to enter someone's home to gather data, observe what's there, and make a virtual copy of the interior of that home does not impinge on anyone's possessory interest. They can still live there. They can come and go. They can use the house in any way they want. But I don't think anyone would claim they wouldn't feel their privacy was being violated by that action. Of course, anyone would feel their privacy is being violated. Regardless of whether it's being looked at at the same time, if it's being preserved so that it can be looked at later, your privacy is being violated. With regard to the arguments about the fact that this information was in a Facebook account, Facebook had access to this information. Again, the more recent Carpenter case regarding the cell site location information, very clearly talks about the fact that you share information with a third party does not mean the Fourth Amendment just suddenly disappears. You may have a somewhat diminished expectation of privacy. I send a letter to someone. I understand that they might choose to share the contents of that letter with someone else. But the fact that I sent that information to a third party doesn't mean I expect the government to intercept the letter on the way there and read it. It also means I don't necessarily expect, and no one would, that the government investigating my activities will go search the houses of all my friends to see what letters I might have sent them. Without a warrant, without probable cause. So just the fact that this information is held by Facebook doesn't mean that Mr. Prez has no expectation of privacy in it. I would analogize it to a safe deposit box. The whole purpose of a safe deposit box is to keep things private and secure. Yet, under certain circumstances, the bank where that box is located can access that box. So the government's position would be that law enforcement can go to the bank and say, open the box of this person, make a record of everything that's in there, and save it for us. No warrant, no probable cause. Not even reasonable suspicion. Just on a whim, we're going to ask the bank to do that. The bank has to comply under the law. And then sometime later, if we're able to get probable cause and a warrant, then we will search what you saved. That simply can't be what the Fourth Amendment allows. As far as exigent circumstances, I would contend that the record really doesn't establish exigent circumstances. Panic testified that he did the preservation request simply because he thought it was standard procedure. He then later, under further questioning, said, well, there was a chance that these girls might notify this person, and then he might shut down his account. But he didn't really have any specific reason for thinking that was going to happen. He didn't apparently talk to the mother and say, hey, until I'm able to get a warrant, why don't you monitor the use of these phones or take the phones away from these girls so they can't contact this guy. He didn't have anything specific. He was just sort of generally saying it could have happened. Exigent circumstances have to be particularized and specific to the case. I think there's only one other thing I wanted to address, and that would be consent. Again, when you look at the data policy, all it says is we'll obey the law. Well, I don't think you would need to put that in the data policy. Everybody would expect that anyway, wouldn't they? Where Facebook says in their policy that they may access your information, they say we may access that information for our purposes. So if I send a letter to someone and I provide information to them that I want to keep secret from other people, I understand that person might use the information for their purposes. But again, I don't expect the government to come snooping around and access that information for their purposes. That's the difference. So I would ask that you reverse the district court in this case. I don't believe that the government argued the good faith exception here, but I think it was argued in the brief. Our position would be that because there is essentially no restrictions on when a law enforcement officer can make these decisions, when a decision is made, the recipient is compelled by law to comply. This law, 2703, is clearly unequivocally unconstitutional. And any reasonable police officer who has been taught the basics of Fourth Amendment law would know that. And we would ask you to reverse. Thank you. Thank you, counsel. I want to thank counsel for their fine arguments. It's a challenging case, sometimes applying Fourth Amendment concepts to the modern world, and you've both helped us out quite a bit. The United States v. Perez case shall be submitted.
judges: Gould, Nguyen, Presnell